# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **LEO L. LAURENT, #145260** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 4:12-cv-152-HTW-LRA** |
| **TYEASA EVANS, ET AL.** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Laurent, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. At that time an Order [6] was entered directing Plaintiff to clarify the named Defendants. After liberal review of Plaintiff's Response [9], the Court determines that the named Defendants in this case are: Tyeasa Evans, Unknown Lefleur, Bart Grimes, Unknown Wedgeworth, Unknown Hurt, Unknown Jones and GEO Group. Upon further review of Plaintiff's Complaint and other pleadings, the Court has reached the following conclusions.

Plaintiff complains about a rule violation report (RVR) issued to him at the East Mississippi Correctional Facility, for attempting/conspiring to escape. Plaintiff was found guilty of the violation and placed in administrative segregation. Plaintiff asserts various complaints regarding the validity of the RVR and accompanying disciplinary process, along with complaints regarding the conditions of his confinement within segregation. Plaintiff further alleges that his constitutional rights and MDOC policy and procedure were violated when this guilty finding was upheld by the administrative remedy program (ARP). Specifically, Plaintiff alleges that "after [ ] 7 months in the ARP process my claim was just denied when policy only allows 3 months max from start to finish." Compl. [1-2]. As relief, Plaintiff is seeking removal of the RVR from his

prison records, replacement of lost property and monetary damages.

## I. Background

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915(e)(2).

Initially the Court notes that Plaintiff has filed two other § 1983 actions in this Court related to the complaints asserted in this case. As for the claims related to the conditions of his confinement presented in this case, the Court finds that Plaintiff is already litigating these claims in *Laurent v. GEO Group, Inc., et al.*, civil action number 4:12-cv-75-HTW-LRA. As the Fifth Circuit has explained, "[a]n action is malicious for purposes of § 1915(e)(2)(B)(i) if it duplicates the allegations of another pending federal lawsuit by the same plaintiff." *Allard v. Quinlan Pest Control Co., Inc.*, 387 F. App'x 438, 440 (5th Cir. 2010). Therefore, Plaintiff's claims regarding the conditions of his confinement within administrative segregation asserted in this case are considered malicious to pending case number 4:12-cv-75-HTW-LRA, and will be dismissed without prejudice. *See Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)(finding malicious claims properly dismissed without prejudice to the Plaintiff's prosecution of the pending duplicative suit).

As for Plaintiff's claims regarding the validity of the RVR and resulting disciplinary

process, it appears that Plaintiff has litigated these claims in *Laurent v. GEO Group, Inc., et al.*, civil action number 4:12-cv-111-HTW-LRA. The Court observed in this previously filed civil action that throughout Plaintiff's pleadings he referred to one RVR. However, when directed to supply a copy of the complained of RVR, Plaintiff submitted copies of two separate rule violation reports, one for tampering with evidence and another for escape. Since 20 days segregation was listed as the punishment on both reports, the Court determined that regardless of which RVR Plaintiff was challenging, his claim was legally frivolous.

Plaintiff has filed copies of the same two rule violation reports in this case, but he has specifically directed his complaints towards the RVR issued for escape. Therefore, to the extent the dismissal in civil action number 4:12-cv-111-HTW-LRA can be read to *not include* the RVR for escape, the Court, in an effort to make sure all of Plaintiff's claims are fully considered, will specifically address Plaintiff's claims in relation to the RVR for escape. With that said, the Court also determines that to the extent Plaintiff's claims regarding the RVR and resulting disciplinary process are duplicative to the claims presented in 4:12-cv-111-HTW-LRA, they will not be addressed in this case, but instead they will be dismissed as malicious. *See Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012)(finding "an action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation").

**II. Analysis**

In order to have a viable claim under Title 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). An

inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). As such, Plaintiff's claims related to how his grievances were handled within the administrative remedy program will be dismissed as frivolous. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).

Likewise, any claims regarding the RVR for escape and resulting placement in administrative segregation that were not dismissed in civil action number 4:12-cv-111-HTW-LRA, are also frivolous. An inmate does not have a constitutional right to receive a certain custodial classification, including general population, while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). As the Fifth Circuit has explained, placement in "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995))*; see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, *1 (5th Cir. 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the Due Process Clause). Since Plaintiff does not have a protectable liberty interest in his classification level, his Due Process rights were not violated when he was placed in administrative segregation. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) (noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*). In sum, Plaintiff does not have a constitutionally

4

protected right to be placed in a certain classification level or to not be placed in segregation while in prison. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997)(holding the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010) (holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation").

Finally, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and disciplinary process and by the lack of a favorable response to his grievances. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

## III. Conclusion

As explained above, Plaintiff's claims regarding the conditions of his confinement within administrative segregation are dismissed without prejudice to their being asserted in pending civil action number 4:12-cv-75-HTW-LRA. Plaintiff's claims regarding the RVR and resulting disciplinary process that are duplicative of claims presented in closed civil action number 4:12-cv-111-HTW-LRA are dismissed as malicious pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(i). Plaintiff's remaining claims are dismissed with prejudice as legally frivolous pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(i).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison

Litigation Reform Act, it will be counted as a "strike."[1] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 31st day of January, 2013.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."